O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. DINKINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES, et al.,<br><br>　　　　　Respondents. | Case No. 2:21-cv-06991-CAS (KES)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the second amended habeas petition (Dkt. 21, "Petition"), respondent's motion to dismiss the second amended habeas petition (Dkt. 24), respondent's supplemental brief (Dkt. 31), petitioner's response to the motion to dismiss (Dkt. 28), petitioner's motion for leave to supplement the Petition (Dkt. 30); petitioner's response to respondent's supplemental brief (Dkt. 32), the Report and Recommendation of the United States Magistrate Judge (Dkt. 33, "Report"),

and petitioner's Objections to the Report (Dkt. 35, "Objection").[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of the matters to which objections have been stated. Petitioner's assertions and arguments have been reviewed carefully. The Court, however, concludes that nothing set forth in the Objection or otherwise in the record for this case affects, alters, or calls into question the findings and analysis set forth in the Report. Therefore, the Court concurs with and accepts the findings and recommendations of the Magistrate Judge.

Petitioner is a prisoner in the custody of the federal Bureau of Prisons ("BOP") who is currently housed at the U.S. Penitentiary ("USP") in Lompoc, California. This case has a long procedural history, and presently before the Court is petitioner's second amended habeas petition.[2] In the second amended petition,

---

[1] The Magistrate Judge recommends that the Court grant petitioner's motion for leave to supplement his petition (Dkt. 30) and petitioner's responses to the motion to dismiss and respondent's supplemental brief (Dkts. 28, 32). Report at 3. The Court hereby does so.

[2] The Court also notes that petitioner has brought numerous rejected habeas petitions in the sentencing court of the Eastern District of Missouri. See Dinkins v. United States, No. 4:17-cv-2296-CAS (E.D. Mo.); Dinkins v. United States, No. 18-3334 (8th Cir. 2019) (denying application to file a success motion under 28 U.S.C. SEC. 2255); Dinkins v. United States, No. 4:19-cv-1688-CAS (E.D. Mo.); Dinkins v. United States, No. 4:19-cv-1839-CAS (E.D. Mo.); Dinkins v. United States, No. 4:19-cv-1920-CAS (E.D. Mo.); Dinkins v. United States, No. 4:19-cv-2903-ERW (E.D. Mo.); Dinkins v. United States, No. 4:20-cv-133-AGF (E.D. Mo.); Dinkins v. United States, No. 4:21-cv-517-ERW (E.D Mo.); Dinkins v. United States, No. 4:21-cv-1437-ERW (E.D. Mo.).

petitioner alleges that his incarceration at USP Lompoc is unconstitutional due to the threat of COVID-19 and his health conditions that put him at high risk of death or serious illness if he contracts the disease. See generally Dkt. 21 ("Petition").

Respondent moved to dismiss the petition on the basis that petitioner's COVID-19-related habeas claim should be raised "in a civil rights complaint" seeking appropriate relief. Dkt. 24. In response, the Magistrate Judge requested supplemental briefing as to the preclusive effect of the litigation in Torres v. Milusnic, 20-cv-04450-CBM-PVC (C.D. Cal.), a "putative class action on behalf of all inmates at FCC Lompoc over the age of 50 or with certain underlying health conditions, alleging that Lompoc officials were failing to adequately protect them from COVID-19." See Report at 2, 9. In the Report, the Magistrate Judge noted that a "district court may properly dismiss an individual complaint because the complainant is a member in a class action seeking the same relief." Report at 6 (citing Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013) (internal quotation omitted)). Here, the Magistrate Judge recommended dismissing petitioner's habeas claim as duplicative of the relief sought in Torres, of which petitioner is already a class member. Specifically, the Magistrate Judge described how petitioner was already reviewed for (and denied) home confinement in connection with the preliminary injunction issued in Torres requiring prison officials to develop a process for review as expanded by the CARES Act. Id. at 10–11. There is currently a settlement pending review by the court in Torres litigation (which the Magistrate Judge identified petitioner had not objected to), with a fairness hearing set for October 4, 2022 at the time of the Magistrate Judge's Report. Id. at 12.

Petitioner's Objection essentially raises two points: (1) that the Objection is also an objection to the settlement in Torres; and (2) that the Magistrate Judge and Court err by refusing to overturn the prison's review denying petitioner home confinement.

The Court finds and concludes that petitioner's objections are without merit. To the extent petitioner wishes to object to the settlement in Torres, he must do so through within the context of the Torres lawsuit itself, not in this separate litigation for a writ of habeas corpus. This reasoning also applies to the extent petitioner in his Objection challenges the home confinement review conducted pursuant to the injunction in the Torres litigation.

Moreover, while petitioner does not raise specific challenges to the Magistrate Judge's analysis that his petition is duplicative of the Torres action, the Court in its *de novo* review agrees with the Magistrate Judge's recommendation that the petitioner be dismissed on that basis. That is, petitioner's habeas claim, which alleges that his incarceration at USP Lompoc is unconditional due to the threat of COVID-19 and makes numerous specific references to the evidence and filings in the Torres litigation, is duplicative of the Torres litigation of which petitioner "is a member in a class action seeking the same relief." Pride v. Correa, 719 F.3d at 1133; see, e.g., Dkt. 32 at 3 (response to Respondent's supplemental brief, arguing, "since Petitioner is similar to Torres[,] evidence[] need not be shown other than what's already submitted, allegations, ex[hibits], etc."), cited in Report at 12–13.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. In accordance with the foregoing, the Court **GRANTS** petitioner's motion to supplement, Dkt. 30; **GRANTS** respondent's motion to dismiss, Dkt. 24; and **DISMISSES** the Second Amended Petition, Dkt. 21, without prejudice to petitioner pursuing his habeas claim in Torres, 20-cv-04450-CBM-PVC (C.D. Cal.), but without further leave to amend in this action.

As a federal prisoner proceeding under 28 U.S.C. § 2241, petitioner is *not* required to obtain a certificate of appealability ("COA") in order to appeal to the

United States Court of Appeals in this case. See Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008) (holding that the plain language of 28 U.S.C. § 2253(c)(1) does not require federal prisoners bringing § 2241 petitions to obtain a COA in order to appeal, unless the § 2241 petition "is merely a 'disguised' § 2255 petition"); see e.g., Tomlinson v. Caraway, No. 14-cv-020094-VBF-KK, 2014 U.S. Dist. LEXIS 131448 at *2, 2014 WL 4656432 at *1 (C.D. Cal. Sept. 16, 2014) (adopting report and recommendation and noting that petitioner in federal custody was not required to obtain a COA to appeal the denial of his § 2241 petition).

Dated: October 27, 2022

*Christina A. Snyder*
_____
CHRISTINA A. SNYDER
United States District Judge